# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:12-CR-87-TLS |
| | ) | |
| BRENTON ENNIS | ) | |

## OPINION AND ORDER

The Defendant, Brenton Ennis, pled guilty to Robbery of Firearms and Money, in violation of 18 U.S.C. § 1951, and Use of a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). Both offenses occurred on or about November 13, 2012. An officer with the United States Probation Office prepared a Presentence Investigation Report (PSR) prior to the Defendant's sentencing. According to the PSR, the Defendant's total offense level is 26, and criminal history category is III. The United States Sentencing Guideline range corresponding to this offense level and criminal history category is 78 to 97 months of imprisonment for Count 1, and 10 years for Count 2 to run consecutively with Count 1.

The Defendant objects to Paragraphs 54 and 56 of the PSR. In Paragraph 54, the PSR recommends adding one point to the Defendant's criminal history calculation pursuant to United States Sentencing Guideline § 4A1.2(d)(2)(B) based upon the Defendant's juvenile adjudication for "Possession of a Controlled Substance" in Allen County Superior Court, Indiana. In Paragraph 56, the PSR recommends adding one point to the Defendant's criminal history calculation pursuant to § 4A1.2(d)(2)(B) based upon the Defendant's juvenile adjudication for "Possession of Marijauna, or Hash" in Allen County Superior Court, Indiana.

The Court overrules the Defendant's objection because the PSR properly calculates the Defendant's criminal history.

## ANALYSIS

Under U.S.S.G. § 4A1.1(c), one point is added to the total points used to determine a defendant's criminal history category for each prior sentence that was not counted in § 4A1.1(a) and § 4A1.1(b), up to a total of four points. Guideline § 4A1.2(d)(2)(B) specifies that one point is added "for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense" not counted in § 4A1.1(a). Application Note 7 to Guideline § 4A1.2 states:

> Section 4A1.2(d) covers offenses committed prior to age eighteen . . . for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted. To avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a "juvenile," this provision applies to all offenses committed prior to the age eighteen.

The Defendant does not dispute that the adjudications for his juvenile offenses, as contained in Paragraphs 54 and 56 of the PSR, occurred on January 8, 2010, and February 23, 2011, respectively—dates that fall within five years of the commission of the instant offense. Nonetheless, the Defendant argues that the court-imposed judgment for both offenses—"reprimanded and released" [ECF No. 68]—does not constitute a "sentence" under § 4A1.2(d)(2)(A).

The Court has an obligation to consider and accurately calculate the advisory guideline range using the Sentencing Guidelines and 18 U.S.C. § 3553(a). *See United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005). When determining what constitutes a "prior sentence" under the Sentencing Guidelines, a court must look to federal, not state law. *See, e.g.*, *U.S. v. McKoy*, 452 F.3d 234, 237 (3d. Cir. 2006); *United States v. Morgan*, 390 F.3d 1072, 1074 (8th Cir. 2004);

*United States v. Williams*, 176 F.3d 301, 311 (6th Cir.1999); *United States v. Gray*, 177 F.3d 86, 93 (1st Cir.1999). Under federal law, "prior sentence" is defined as "any sentence previously imposed upon *adjudication of guilt*, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1) (emphasis added); *see also Black's Law Dictionary* 1362 (6th ed. 1990) (a sentence is a "judgment of court formally advising accused of legal consequences of guilt which he has confessed or of which he has been convicted.").

Here, state court records indicate that the Defendant entered an admission of guilt for each offense, which resulted in an adjudication of guilt and a judgment of "reprimand[] and release[]." The legal consequences of the Defendant's adjudication of guilt was a reprimand. Accordingly, the Defendant received a "sentence" under federal law.[1] Because the Defendant's juvenile sentences occurred within five years of the commencement of the instant offense, the PSR properly added one point for each juvenile offense under § 4A1.2(d)(2)(B).

## CONCLUSION

For the foregoing reasons, the Court OVERRULES the Defendant's objection to the two-points added to the Defendant's criminal history calculation for juvenile offenses, as contained in Paragraphs 54 and 56 of the PSR. Sentencing scheduled for December 2, 2014, at 1:00 PM, is CONFIRMED.

SO ORDERED on November 18, 2014.

---

[1] The Defendant also appears to argue that § 4A1.2(d)(2)(B) is not applicable because he was not sentenced to a term of confinement. But as noted in Application Note 7 to § 4A1.2, even a sentence that does not result in confinement constitutes a "sentence" under § 4A1.2(d)(2)(B).

3

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT