UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12-CR-87-TLS |
| | ) | (1:16-CV-240) |
| BRENTON ENNIS | ) | |

**OPINION AND ORDER**

The Defendant, Brenton Ennis, is serving a sentence for using a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and for Hobbs Act robbery, 18 U.S.C. § 1951(a)(1). The Defendant now seeks to vacate his conviction and sentence under § 924(c) [Motion to Vacate Sentencing Pursuant to 28 U.S.C. § 2255, ECF No. 189]. His Motion is predicated on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Defendant maintains that Hobbs Act robbery, 18 U.S.C. § 1951(a), cannot be a predicate offense for a § 924(c) conviction because the statute does not have as an element the use, attempted use, or threatened use of force.

The Defendant filed his Motion on June 24, 2016—within the one-year period set forth in § 2255(f)(3), based on the Supreme Court's June 26, 2015 decision in *Johnson*, which is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) (*Johnson* announced a new substantive rule which applies retroactively on collateral review). The Court treats the Motion as timely filed.

## ANALYSIS

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution of the United States. *See* 28 U.S.C. § 2255(a). Relief under § 2255 is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice. *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

To sustain a conviction under 18 U.S.C. § 924(c)(3), the government must prove that the defendant (1) used or carried a firearm and (2) did so during and in relation to a "crime of violence." Under § 924(c)(3), the term "crime of violence" is "an offense that is a felony" that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A)–(B). Subsection (A) is known as the elements clause, and subsection (B) is referred to as the residual clause.

The substantive crime of violence, or drug trafficking crime, for which the person may be prosecuted is identified in the § 924(c) charge. *See Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016) (noting that a § 924(c) offense is a stand-alone crime for which no underlying conviction needs to be obtained). Here, the Indictment identifies the predicate crime of violence as Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a).

A defendant commits Hobbs Act robbery if he:

> obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section.

2

18 U.S.C. § 1951(a). "Robbery," in turn, is defined as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

As already stated, the Defendant's Motion invokes the Supreme Court's decision in *Johnson*, which held that the residual clause of the definition of a "violent felony" in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. 135 S. Ct. at 2557 (invalidating the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another"). The Defendant was not sentenced under the ACCA, but he claims that Hobbs Act robbery no longer qualifies as a crime of violence under § 924(c)(3) based on *Johnson's* reasoning. His argument is two-part.

In one part, he argues that the holding in *Johnson* necessarily rendered the residual clause of § 924(c)(3)(B) unconstitutionally vague. That argument has merit. *See United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) (holding that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague). However, it is not necessary to rely on the residual clause in this case because Hobbs Act robbery under § 1951(a) is a crime of violence under § 924(c)'s elements clause.

In *United States v. Anglin*, — F.3d —, 2017 WL 359666 (7th Cir. Jan. 25, 2017), the Seventh Circuit joined an "unbroken consensus of other circuits" when it ruled that "Hobbs Act robbery is a 'crime of violence' within the meaning of § 923(c)(3)(A)." 2017 WL 359666, at *7. The Defendant argues that Hobbs Act robbery can be achieved through a threat to cause

3

economic injury, which does not require "violent force." Additionally, he argues that "fear of injury" does not satisfy the definition because it is not equivalent to using or threatening to use force.

The Defendant's arguments are foreclosed by the decision in *Anglin* and the precedent relied upon therein. There, the court noted that the relevant definition of Hobbs Act robbery, the Defendant's predicate offense, is the "taking of personal property 'by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property.'" 2017 WL 359666, at *7 (quoting 18 U.S.C. § 1951(b)). The court found that "[c]ommitting such an act necessarily requires using or threatening force." *Id.* The Seventh Circuit has explicitly rejected the argument that putting a person in fear of injury does not involve the use, attempted use, or threatened use of physical force against the person of another. *Id*; *United States v. Armour*, 840 F.3d 904, 907 (7th Cir. 2016). Moreover, the Defendant's argument that threatening a nonviolent economic injury would satisfy the elements of Hobbs Act robbery finds no support in the Seventh Circuit.

Because Hobbs Act robbery is crime of violence, the Court finds no basis to vacate the Defendant's firearm conviction under 18 U.S.C. § 924(c).

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Vacate Sentencing Pursuant to 28 U.S.C. § 2255 [ECF No. 189]. Because reasonable jurists would not debate that the Motion fails to present a valid claim of the denial of a constitutional right, or that the Motion should have been resolved in a different manner, the Court DECLINES to issue a

certificate of appealability pursuant to 28 U.S.C. § 2253(c)(3).

    SO ORDERED on February 1, 2017.

                                                s/ Theresa L. Springmann  
                                               THERESA L. SPRINGMANN  
                                               UNITED STATES DISTRICT COURT